UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DONNA RENEE HAMILTON

VERSUS

CITIMORTGAGE, INC., ET AL

CIVIL ACTION

NUMBER 14-359-SDD-SCR

**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, July 24, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DONNA RENEE HAMILTON

VERSUS

CITIMORTGAGE, INC., ET AL

CIVIL ACTION

NUMBER 14-359-SDD-SCR

**<u>MAGISTRATE JUDGE'S REPORT</u>**

Before the court is a Motion to Remand Case Back to 19th District Court filed by plaintiff, Donna Renee Hamilton. Record document number 9. The motion is opposed.[1]

Dean Morris, L.L.P. filed a Notice of Removal on June 6, 2014.[2] The action removed by Dean Morris originated in state court on July 24, 2008 when CitiMortgage, Inc. filed a Petition to Enforce Security Interest by Ordinary Process against Donna Renee Hamilton.[3] Citimortgage alleged that Hamilton defaulted on a promissory note and mortgage, and sued to enforce the mortgage and

---

[1] Record document numbers 12, Memorandum in Opposition to Plaintiff's Motion to Remand, filed by Dean Morris; record document number 13, Defendant, CitiMortgage, Inc.'s, Memorandum in Response to Plaintiff's Motion to Remand, filed by CitiMortgage.

[2] Citimortgage filed a consent to the removal. Record document number 8. Dean Morris stated in the Notice of Removal that Heck and Morris are no longer employed with the firm and have not been properly served. Record document number 1, Notice of Removal, ¶ 8.

[3] Record document number 1-2, State Court Record, pp. 1-3, Petition to Enforce Security Interest by Ordinary Process.

recover the amounts owed under the note.[4]  The case proceeded in state court and CitiMortgage ultimately obtained a foreclosure judgment against the plaintiff.  That judgment was later annulled by a second judgment signed on January 10, 2014.[5]  However, Hamilton moved to set aside the second judgment because she claimed it stated that she was present for the hearing when she was not in fact present.[6]  Therefore, she alleged that CitiMortgage, Dean Morris, John C. Morris, IV and Charles Heck were in contempt because they willfully deceived the state court by asserting that they had properly served her with notice of the hearing.

Before the hearing on her motion to set aside the second judgment,[7] Hamilton filed a Petition to Rescind Sale and for Damages (hereafter, "Petition to Rescind Sale") in which she named as defendants CitiMortgage, Dean Morris, Morris and Heck.[8] Hamilton alleged that the defendants should be held jointly liable for unfair and deceptive practices in connection with the foreclosure on her property.  Hamilton sought to rescind the sheriff's sale, and also sought general, statutory, actual and

---

[4] *Id.*, p. 1-2, ¶ 5.

[5] *Id.,* p. 334.

[6] *Id.*, pp. 338-40.

[7] *Id.*, p. 341.  The hearing was continued and rescheduled for May 12, 2014 on the plaintiff's motion.  *Id.*, p. 353.

[8] Record document number 1-2, pp. 363-75, Petition to Rescind Sale.

punitive damages, along with attorney's fees and costs for violations of state law and willful and negligent violations of provisions of the Fair Credit Reporting Act ("FCRA") found at 15 U.S.C. § 1681s-2(b).[9]

In its Notice of Removal Dean Morris alleged that it was served with Hamilton's Petition to Rescind Sale on May 8, 2014. Dean Morris alleged that the Petition to Rescind Sale alleged claims under 15 U.S.C. § 1681s, therefore, the petition was removed based on federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441, and asserted that the removal was timely under 28 U.S.C. § 1446(b)(3). Dean Morris also alleged that the court had supplemental jurisdiction over all of the plaintiff's other claims based on 28 U.S.C. §§ 1367 and 1441.

Hamilton moved to remand. Hamilton submitted her own affidavit and argued that the case should be remanded for the following reasons: (1) CitiMortgage and Dean Morris removed the case to avoid being held in contempt and liable for their deceptive actions; and (2) she does not consent to removal and does not agree to the court having jurisdiction over this case.

None of Hamilton's arguments are a valid basis for finding the case was improperly removed and remanding it to state court. The reason for the removal of the case by Dean Morris was the Petition to Rescind Sale, and it plainly alleges a claim under a federal law

---

[9] *Id.*, ¶¶ 8, 26, 32, 66-67; Section X. Demand for Relief.

- § 1681s-2(b) of the FCRA.  Pleading this federal cause of action gave Dean Morris, added as a party defendant when Hamilton filed her Petition to Rescind Sale, the right to remove the case under § 1441(c).[10]  Subsection (c) states, in relevant part, as follows:

> **(c)Joinder of Federal law claims and State law claims.–(1)** If a civil action includes–
>
> **(A)** a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>
> **(B)** a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph(B).

This provision is not limited to removal by defendants.  In a civil action, if a claim is pled that falls within federal question jurisdiction under § 1331, the entire action may be removed, even though this federal question claim is joined with a claim that is not removable by statute, or a claim not within the district court's original or supplemental jurisdiction.[11]  Therefore, as Dean Morris alleged in its Notice of Removal, this court has subject matter jurisdiction based on Hamilton's federal claim asserted

---

[10] Section 1441(a) would not be applicable for the following reasons: (1) CitiMortgage, which has filed a consent to this removal, brought the action in state court as the plaintiff when the suit was originally filed; (2) Hamilton was the only defendant in the state court case when it was filed; and (3) Dean Morris was not named as a defendant by plaintiff CitiMortgage, but was only made a party when Hamilton filed her Petition to Rescind Sale and named CitiMortgage, Dean Morris, Morris and Heck as defendants.

[11] *See*, 14B Federal, Practice & Procedure, § 3722.3 (4th ed.).

under the FCRA, and supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367. Plaintiff's Motion to Remand is factually and legally unsupported and should be denied.[12]

### RECOMMENDATION

It is the recommendation of the Magistrate Judge that the Motion to Remand Case Back to 19th District Court filed by Donna Renee Hamilton be denied.

Baton Rouge, Louisiana, July 24, 2014.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[12] Plaintiff's state law claims may ultimately be remanded on mandatory or discretionary grounds not addressed by the plaintiff's motion. Remand may occur in any of the following circumstances: (1) further factual development of the case shows that the state law claims do not fall within the court's supplemental jurisdiction, in which case the court is required to sever and remand the claims to state court under 28 U.S.C. § 1441(c)(2); (2) under § 1367(c)(2) declining supplemental jurisdiction is appropriate because the state law claims substantially predominate over the FCRA claim over which the court has original jurisdiction; or (3) under § 1367(c)(3) declining supplemental jurisdiction is appropriate because the FCRA claim over which the court has original jurisdiction is dismissed.